*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

<u>**ENTRY ORDER**</u>

SUPREME COURT DOCKET NO. 2012-356

MAY TERM, 2013

| | |
|---|---|
| Alan and Rachel Yeager | } APPEALED FROM: |
| | } |
| | } Superior Court, Chittenden Unit, |
| v. | } Civil Division |
| | } |
| | } |
| Jack and Dawn Menard | } DOCKET NO. S1420-11 Cnc |

Trial Judge: Timothy B. Tomasi

In the above-entitled cause, the Clerk will enter:

Plaintiff landlords brought suit against defendants who are the parents of former tenants, claiming that defendants were liable for unpaid rent and damages as cosignors to the daughter's lease. Following a bench trial, the court granted judgment for landlords. Defendants appeal, arguing that they did not cosign the lease and are not liable for payment. We affirm.

Landlords entered into a lease agreement with tenants Jason Hathaway and Stephanie Menard in August 2009. Subsequently, landlords initiated eviction proceedings and tenants eventually moved out in November 2011. In December 2011, landlords brought this action seeking damages for back rent and costs related to repairing the property against defendants Dawn and Jack Menard, parents of tenant Stephanie Menard, in their capacity as alleged cosignors on the lease.

At the August 2012 hearing on the matter, landlords both testified. They explained that because the tenants reported no rental history, they asked the parents of one tenant to cosign the lease. Landlords submitted a copy of the rental agreement purportedly signed by the tenants and defendants. Landlords testified that both parents did, in fact, sign the landlords' copy of the lease. Plaintiff Rachel Yeager testified that defendant Dawn Menard was present at signing and that Dawn Menard brought the signed agreement back from defendant Jack Menard, who was in the car. Plaintiff testified that she spoke with Dawn Menard about it in person and with Jack Menard about it over the phone. Plaintiff further testified that after a year the rental payments were behind and she sent defendants a certified letter; defendant Jack Menard called landlords, acknowledged his responsibility under the lease, and verbally agreed to a payment plan. Defendants did not challenge their financial responsibility pursuant to the lease at that time.

Defendant Jack Menard testified that he did not sign the lease, and did not have a discussion with landlords about cosigning the lease. He also denied receiving a letter or talking to landlords about a payment schedule. Defendant Dawn Menard did not appear at the hearing.

The court issued oral findings from the bench. The court found that both defendants were liable as cosignors on the lease. The court found that landlords' testimony that defendant Dawn

Menard signed the lease was uncontradicted by any testimony by her, as she did not attend the hearing. The court credited landlords' testimony over defendant Jack Menard's as to whether he had signed the lease. In addition, the court found that defendants had not objected after receiving two different letters regarding tenants' rental situation that reflected landlords' understanding that defendants were cosignors. Moreover, in this case, defendants made no claim that they did not actually sign the lease in their answer and counterclaim. Based on these factors, the court concluded that defendants were liable on the lease. The court granted damages for unpaid back rent, repairs and damages, and court costs for a total judgment of $26,183.06.

On appeal, defendants do not challenge the court's calculation of landlords' damages but argue that they did not sign the lease and are not liable for the damages. The question of whether defendants signed the lease was a question of fact for the trial court. "When reviewing the factual findings of a trial court, we view them in the light most favorable to the prevailing party below, disregarding the effect of modifying evidence, and we will not set aside findings unless they are clearly erroneous." Catamount Slate Prods., Inc. v. Sheldon, 2003 VT 112, ¶ 14, 176 Vt. 158. "The findings will stand if there is any reasonable and credible evidence to support them." Id. Here, landlords' testimony and the submitted exhibits support the court's finding that both defendants signed the lease. Defendants' representation on appeal that the signatures were forged does not undermine the trial court's finding. It is for the trial court, not this Court, to assess the credibility of witnesses and weigh the evidence. See Cabot v. Cabot, 166 Vt. 485, 497 (1997) ("As the trier of fact, it [is] the province of the trial court to determine the credibility of the witnesses and weigh the persuasiveness of the evidence."). Here, the court found plaintiffs' account more credible, and there are no grounds to disturb its judgment.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Beth Robinson, Associate Justice

2